The document below is hereby signed.

Signed: March 17, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NATION'S CAPITAL CHILD AND | ) | Case No. 09-00576 |
| FAMILY DEVELOPMENT, INC., | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION REGARDING MARYLYN TREE, LLC'S SUPPLEMENTAL
MEMORANDUM AND AFFIDAVIT IN RESPONSE TO THE COURT'S
<u>MEMORANDUM DECISION OF FEBRUARY 17, 2011</u>

On February 17, 2011, the court entered a memorandum decision and order (Dkt. No. 200) regarding the landlord's Motion to Amend the Order of Conditional Assumption of the Lease (Dkt. No. 141).[1]  In that memorandum decision and order, the court noted that the trustee did not contest a $50.00 administrative fee claimed by the landlord for a returned check, but did contest the landlord's claim for late fees and attorney's fees.  The

---

[1] As the court stated in that memorandum decision and order, the parties never submitted an agreed order for conditional assumption of the lease, but the landlord nonetheless styled its motion as though an order had already been entered. <u>See</u> Mem. Decision and Order Re Marylyn Tree, LLC's Mot. To Am. the Order of Conditional Assumption of the Lease, n.1, Feb. 17, 2011 (Dkt. No. 200).

court overruled the trustee's objection to the landlord's claim for $12,785.00 in late fees. In addition, after determining that sections 15.2(d) and 15.3 of the lease governed the entitlement to attorney's fees in this matter, the court addressed the specific charges contained in the landlord's fee request of $61,580.31.

After sustaining three of the trustee's objections to the fee request, which resulted in a $392.50 reduction, the court identified charges that were apparently counted twice toward the total fee request and other charges it questioned as being compensable under sections 15.2(d) or 15.3 of the lease. The landlord was then granted leave to file an affidavit explaining: (1) whether the apparent double charges in fact related to distinct work-items that were each compensable; and (2) why the charges the court found questionable were in fact compensable under sections 15.2(d) or 15.3 of the lease. The trustee was given 14 days from the filing of the affidavit to file a response.

The landlord thereafter filed a supplemental memorandum attaching an affidavit from Michael E. Brand, Esq., counsel for landlord, on February 25, 2011 (Dkt. No. 205). The trustee did not file a response to the supplemental memorandum and affidavit. In the affidavit, landlord's counsel acknowledged that duplicate charges were submitted as the result of an administrative error

and stated that the landlord agreed that those items should be reduced by half in the amount of $1087.50. (Aff. of Michael E. Brand, Esq. ¶ 2, hereinafter "Brand Aff.".)  Moreover, landlord's counsel addressed each of the questionable charges identified by the court and reduced the landlord's fee request by an additional $5,266.50.  (Brand Aff. ¶¶ 3-4.)  It appears, however, that the landlord committed two errors in arriving at this sum and that the reduction of the questionable charges should instead total $5,491.25.[2]

Having reviewed the affidavit of landlord's counsel, the court concludes that the landlord has sufficiently addressed its concerns regarding the duplicate and questionable charges by making the aforementioned reductions.  Accordingly, the court shall grant the landlord's Motion to Amend the Order of Conditional Assumption of the Lease in the following amounts: (1) a $50.00 administrative fee for a returned check; (2) $12,785.00

---

[2] First, there appears to have been a computational error in the affidavit of the landlord's counsel.  After adding up the questionable charges that the landlord's counsel withdrew from the fee request, the court arrived at a total reduction of $5,416.25, an amount which is greater than the $5,266.50 figure contained in the affidavit of the landlord's counsel.  Second, the landlord's counsel appears to have committed a transcription error in displaying the value of a questionable charge from October 28, 2009 that was withdrawn from the fee request.  The value of that charge, as noted by the court in its February 17, 2011 memorandum decision and order was $225.00, not $150.00, which was the amount displayed in the affidavit of landlord's counsel.  Adding this $75.00 difference to the $5,416.25 reduction of the questionable charges yields a total sum of $5,491.25.

in late fees; and (3) $54,609.06 in attorney's fees.[3]  An order follows.

[Signed and dated above.]


Copies to: Debtor; Debtor's Attorney; Office of United States Trustee; Trustee; Jeffrey Sherman, Esq.; Michael Brand, Esq.; Andrew Currie, Esq.

---

[3] To arrive at this total, the court subtracted the following amounts from the $61,580.31 fee request: (1) $392.50 in charges that the court struck from the fee request in its February 17, 2011 memorandum decision and order after ruling on the trustee's objections; (2) $1,087.50 in duplicate charges; and (3) $5,491.25 in questionable charges.